FILED
JUN 1 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

UNITED STATES

   Plaintiff,

v.

MIGUEL BUSTAMANTE,

   Movant.   #14995-424

(Full name and prison number of movant)

08CV3508
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

(To be supplied by clerk)

IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE **FUTURE** UNDER A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.

1. Place of detention, or if on parole, date of parole release
   Big Spring Correctional Center, 3700 Wright Avenue, Big Spring, Texas 79720

2. Name and location of court which, and name of judge who, imposed sentence under attack:
   U.S. District Court Northern District of Illinois, Chicago, IL 60604
   Honorable Judge James F. Holderman

1

3. Date of judgment of conviction:
   September 8, 2003

4. Case number: 02-CR-719-18

5. Length of sentence: 123 months imprisonment; 4 years supervision

6. Nature of offense involved (all counts): Count thirteen, possession with intent to deliver §841(a)(1), Count fourteen, unlawful possession of a firearm after suffering a felony conviction §922(g)(1).

   Count fifteen, §924(c)(1)(A).

7. What was your plea?                (check one)

   (A) Not guilty                     (   )
   (B) Guilty                         ( XX )
   (C) Nolo Contendere                (   )

8. Kind of trial:                     (check one)

   (A) Jury                           (   )
   (B) Judge Only                     (   )

9. Did you testify at the trial?

   Yes      (   )          No      (   )

10. Did you appeal from the judgment of conviction?

    Yes     ( XX )         No      (   )

11. If you did appeal, answer the following:

    (A) Name of court  Seventh Circuit Court of Appeals

    (B) Result  Affirmed

    (C) Date of result  July 16, 2007

12. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

2

          Yes      ( )      No      ( XX )

13. If your answer to (12) was "YES," give the following information:

(A)  (1) Name of court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds Raised _____ N/A _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes  ( )  No  ( )

    (5) Result _____

    (6) Date of result _____ N/A _____

(B) As to any second petition, application or motion, give the same information:

    (1) Name of the court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds Raised _____ N/A _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes  ( )  No  ( )

    (5) Result _____

    (6) Date of result _____ N/A _____

(C) As to any third petition, application or motion, give the same information:

    (1) Name of the court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds Raised _____ N/A _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( )    No ( )

(5) Result ___N/A_____

(6) Date of result _____

(D) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ( )    No ( )

(2) Second petition, etc.   Yes ( )    No ( )

(3) Third petition, etc.    Yes ( )    No ( )

(E) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___N/A_____
_____
_____
_____
_____
_____

14. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.

A. Ground one _Movant was denied effective assistance of co8nsel and as_

4

a result entered into an unknowing and involuntary guilty plea.
Supporting FACTS (tell your story briefly without citing cases or law):

Movant asserts that counsel Mr.Frederick F.Cohn, retained misadvised during his reprsentation in this case and as a result movant entered a plea of guilty to the charges. Movant also asserts that had counsel vigorusly defended him he would have not had to plea guilty and would have proceeded to trail instead.

(please see attached memorandum of law)

B.  Ground two  Movant was denied effective assistance of counsel when counsel did not file a motion to suppress evidence.
Supporting FACTS (tell your story briefly without citing cases or law):

Movant asserts that he received ineffective assistance of counsel when Mr.Gerald J.Collins, Court appointed and Mr.Frederick F.cohn, retained failed to file a motion to suppress evidence under movant's Fourth Amendment rights because his consent to search was involuntarly made.

(please see attached memorandum of law)

C.  Ground three  movant was denied effective assistance of counsel when counsels failed to file a motion to suppress statements.
Supporting FACTS (tell your story briefly without citing cases or law):

Movant asserts that he recieved ineffective assistance of counsel when Mr.Gerald J.Collins, Court appointed and Mr.Frederick F. cohn, retained failed to file a motion to supppress statements made to the police before he was appraised of his Miranda rights and statements he made after he invoked his right to a lawyer all in violation of his Miranda rights.

(please see attached memorandum of law)

5

D. Ground four Movant was denied effective assistance of counsel when Mr.Frederick F.cohn, retained failed to investigate movant's case and Supporting FACTS (tell your story briefly without citing cases or law):

as a result counsel filed a motion to suppress evidence and statements under the Fifth Amendment which had no merits. Counsel also filed an appeal based on the denied motion to suppress. Had counsel reviewed and studied movant's case he would have filed proper motions to suppress evidence and statements.

(please see attached memorandum of law)

15. If any of the grounds listed in 14 A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Grounds (two, through eight were no presented because counsels for movant did not file the motions to suppress evidence and statemnts, and counsels did not investigate movants case. Mr.Gerald J.Collins and Mr.Frederick F.Cohn were ineffective .

16. Do you have any petition or appeal now pending in any court as to the judgment under attack?     Yes ( )  No ( X )

(A) If "YES," state the name of the court and the nature of the proceeding_____

N/A

17. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing Gerald J.Collins, AFPD, 100 West Monroe Street, Suite 1310, Chicago Il 60603

(B) At arraignment and plea Same as above

6

Attachment of page (6)

miguel Bustamante
#14995-424

Ground five: Movant asserts that he was denied effective assistance of counsel when counsel Mr.Frederick F.Cohn, retained failed to object the the drug amount which movant was sentenced to. Movant submits that he was only bound to be sentenced to the (470 grams) of powder cocaine that was found inside the vehicle that was search. That counsel was ineffective for not objecting to the relevant conduct that was attributed tio movnat.

(please see attached memorandum of law)

ground six: Movant asserts that he was denied effective assistance of counsel when counsel Mr.Frederick F. Cohn, failed to file a motion requesting that movant be resentenced because movant had a direct appeal pending when the U.S Supreme Court decided Blakely/Booker and Paladino. Counsel advised movant that he (counsel) was preparing to file the <u>Blakely</u> issues and request a remand of movant's sentence.

(please see attached memorandum of law)

Ground seven: Movant asserts that he was denied effective assistance of counsel when Mr.Frederick F. Cohn, did not file a petition for a writ of certiorari, until counsel received atleast a payment of $2,000 to file a petition in the Supreme Court.

(please see attached memorandum of laqw)

Miguel Bustamante # 14995-424                                Attachedment of pg.(6)

Ground eight:  Movant asserts that he was denied effective assistance of counsel when counsel Mr.Frederick F.Cohn, failed to request a reduction for movant's acceptance of responsibility §3E1.1., on count fourteen. Movant submits that the court did not give him a reduction for his accepthance of responsibiity and counsel furtehr did not request one.

(please see attached memorandum of law)

Ground nine:  Movant was denied effective assistance of counsel when counsel Mr.Frederick F.Cohn, failed to submit a motion to request a downward departure because the prior convictions that were used to enhance movant's Criminal History Category, overstated the seriousness of prior criminal offenses. That he was enhanced two (2) levels because he was on supervised release for a DUI, from December 26,2001 and other factors that could have been cause for a departure.

(please see memorandum of law)

  (C) At trial   N/A

  (D) At sentencing Frederick F. Cohn, Retained, 35 East Wacker Dr., Suite 1525, Chicago Il 60601

  (E) On appeal Asame as above

  (F) In any post-conviction proceeding Pro-Se

  (G) On appeal from any adverse ruling in a post-conviction proceeding N/A

18. Were you sentenced on more than one count of an indictment, or more than one indictment, in the same court and at approximately the same time? Yes ( X ) No ( )

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No ( X )

  (A) If so, give the name and location of court which imposed sentence to be served in the future: N/A

  (B) And give date and length of sentence to be served in the future: N/A

7

WHEREFORE, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____Pro-Se_____          _____Miguel Bustamante_____
Signature of attorney (if any)              Signature of Movant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 8, 2008__
                  (date)

_____Miguel Bustamante_____
Signature of Movant

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DSITRICT OF ILLINOIS
§

MIGUEL BUSTAMANTE,   08CV3508
    Movant,   JUDGE HOLDERMAN
       MAGISTRATE JUDGE SCHENKIER
VS.

UNITED STATES OF AMERICA,   § Case No. 02-CR-719-18
       §
    Respondant.   § Judge Holderman
       §

FILED
JUN 1 8 2008
MICHAEL W. DOBBINS
DISTRICT COURT

### AFFIDAVIT IN SUPPORT OF MOVANT'S 28 U.S.C. §2255

I, Miguel Bustamante, depose and swear the following statements in support of my 28 U.S.C. §2255 Application, under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746:

(1) I am the movant in the above captioned 28 U.S.C. §2255 Application. I have been assisted by persons in the prisons law library in order to present the best arguments in support of my motion. I have just been informed how important it is for me to tell my version of the facts of the case in support of my arguments. To that end, I submit this affidavit.

(2) I was arrested on October 23,2002, and I was appointed as my attorney Mr.Gerald J.Collins. Mr.Collins, visited me only a few times at the Metropolitan Correctional Center and in those few visits it was not to talk about my case as what had happened and what defense could be brought to defend me of the charges I was then facing. He visited me only to inform me that I should plea guilty because I was in fact guilty. I tried to tell Mr.Collins certain things about my case but he would not want to listen to what I had to say. Because of his lack of intrest in defending me I wrote the court and wanted to inform of my situation.

(3) Mr.Frederick F.Cohn , was retained on or about April 23, 2003. He was retained because I was not receiving any defense from Mr.Gerald J.Collins part.

(4) I then was visited by Mr.Frederick F. Cohn, at the Metropolitant Correctional Center, where he informed me that he was my lawyer know and that he had some motions to file on my behalf.

(5) Then he filed the motion that was before the court and the court denied.

(6) I had strongly informed Mr.Cohn of my intentions of going to trail because of my disagreemnets in what I was facing before the court. Being the accusations that were being made against me. And what I felt was not true.

(7) I told Mr.Cohn, also about my desire to file a motion to challenge the consent to search that had produced the evidence that was used on counts 13, 14, and 15. I sent him the copies of the case in schneckloth V. Bustamonte, 412 U.S. 218, 219 (1972). I further informed him about the events that took place the day of my arrest.

(8) I was told by Mr.Frederick FCohn, that the motion he had filed was a sure winner almost. I told that I still wanted him to file the motion to challenge the consent under the Fiurth Amendment.

(9) After I had someone from the )MCC) explain to me the motion that Mr.Cohn, had filed in the court I wa told that it was going to be denied because the court of appeals had denied the issues he was arguing. And I let him know of this, but was told not to worry. I told him that an inmate had told me that the motion would be denied and it was denied by the court.

2

(10) I again informed him that I had been told by an inmate at the (MCC) that the motion would be denied because the issues he was arguing the Seventh Circuit Court of Appeals, has said that asking for consent is not a violation of Miranda rights.

(11) He told me that I should not be worrying that we would win. I told him that I also wanted to take my case to trail being that I disagreed with what was being said and that I wanted him to prepare for trail.

(12) On the day that we had to either take a plea or go to trail he went to see me and we talked in the bullpen before going into the court. I told him of my still desire to go to trail. He talked to the prosecutor on his phone from there were we were and told him that I was not accepting to plead gilty and wanted to go to trail.

(13) Before going into the court I saw him and we talked for a few minutes where he told me that I would be going infront of the Judge next and to be ready. He later came back and told me that he had good news for me. That if I plead guilty we could challenge the denail of my motion to suppress in the court of appeqls. That we had a good cahnce of winning the motion there and the charges being dismissed because the evidence would be getting suppressed. Being that he said we had a good chance of winning on appeal I accepted to pela gilty.

(14) After I was sentenced I again kept telling him that I was not sure that the appeal would be won because of what the court of appeals had always said about consent to search and Miranda not being violated by that.

(15) Mr.Frederick F.Cohn , wrote me and told me that the brief he had submitted to the court was better than all I had told him about what had happened in my case.

(16) While my direct appeal was still pending before the court I immediately wrote him to tell him to preserve my issues He wrote me back and assured me that he would and that he was preparing a supplemt to my appeal. He never did file any aupplment to my appeal. When my appeal was affirmed by the court the issue was never brought up that I was sentenced under the madatory guidelines. My case was not remanded in order to permit the Honorable Holderman to see if he would have gave me the same sentence if he had known that the U.S.S.G were no longer mandatory.

(17) Everything that I had submitted to the court in my 28 USC §2255 application and in the memorandum is of what happened in my case and I have submitted the exhibits as proof of what I have said. Being that this is what I best remember in what happened.

Wherefore, movant prays that this Honorable Court give him the relief he deserves in the intrests of justice.

Executed on this 8th day of June, 2008.

Respectfully submitted,

Miguel Bustamante
Reg.No. 14995-424
Big Spring Correctional Center
3700 Wright Avenue
Big Spring, Texas 79720

4

## CERTIFICATE OF SERVICE

I, Miguel Bustamante, hereby certify that on this date I did serve one copy of the foregoing **AFFIDAVIT IN SUPPORT OF MOVANT'S 28 USC §2255.** Via U.S.mail by sealing said document into a prepaid envolpes with sufficient postage affixed thereon, and by mailing same to:

>   Christina Egan
>   Assistant U.S.Attorney
>   219 S.Dearborn Street
>   Suite 500
>   Chicago, IL 60603

Such service was completed upon placing said mailing into the **Big Spring Correctional Center's** prison mail depository. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Respectfully submitted,

*/s/ Miguel Bustamante*

Executed on this 8th day of June, 2008.

Miguel Bustamante
Reg. No. 14995-424
Big Spring Correctional Center
3700 Wright Avenue
Big Spring, Texas 79720