UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 02 CR 719-18 |
| v. | ) | No. 08 CV 3508 |
| | ) | Honorable James F. Holderman |
| MIGUEL BUSTAMANTE | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER
28 USC §2255 TO VACATE CONVICTION AND SENTENCE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, responds to *pro se* defendant Miguel Bustamante's

motion under 28 U.S.C. 2255 ("petition") to vacate his conviction and sentence.

## INTRODUCTION

Defendant contends his conviction and sentence should be vacated because he was denied

effective assistance of trial and appellate counsel.  He claims he was denied effective assistance of

trial counsel for the following reasons: (1) counsel prior to his guilty plea failed to review the

discovery and provided faulty advice that caused him to enter into an unknowing and involuntary

guilty plea, failed to file a motion to suppress evidence seized in the search of his vehicle on

involuntariness grounds, failed to file a motion to suppress statements made prior to the issuance of

*Miranda* warnings and  filed a motion to suppress that lacked merit; (2) counsel failed at sentencing

to object to the drug quantity  including relevant conduct, failed to request a reduction for

acceptance of responsibility on Count Fourteen, and failed to move for a downward departure based

on his deportable alien status; and (3) counsel failed on appeal to petition for a writ of certiorari and

to file an amended brief to raise issues under *Booker*.  With the possible exception of his appellate

1

claim concerning *Booker,* this Court should dismiss defendant's petition because he has not established that he satisfies the standard for ineffective assistance of counsel based upon any of the grounds set forth.

## BACKGROUND

### *Procedural Background*

On November 20, 2002 defendant was charged in an indictment with conspiracy to possess with intent to distribute and distribute cocaine (Count One), possession with intent to distribute cocaine (Count Thirteen), being a felon in possession of a firearm(Count Fourteen), and carrying a firearm in relation to a drug trafficking crime (Count Fifteen) in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Sections 922(g) and 924(c), respectively. R. 1.[1] Defendant moved to suppress drugs and a firearm seized on the day of his arrest that formed the basis for Counts Thirteen, Fourteen, and Fifteen. R. 236, 255. Following the government's response (R.237), this Court denied the motion (R. 241). Defendant moved to reconsider the denial of the motion to suppress. R. 254. This Court denied defendant's motion to reconsider. R. 257. Defendant then filed a motion to sever (R. 259) and a motion to exclude evidence (R. 260), both of which were denied by this Court (R. 266). On May 15, 2003, defendant entered a blind plea of guilty to Counts Thirteen, Fourteen, and Fifteen of the indictment, reserving the right to appeal this Court's denial of his motion to suppress. R. 272, 439. On September 8, 2003, the district court sentenced defendant to 63 months on each of Counts Thirteen and Fourteen (the low end of the guideline range of 63-78 months) to run concurrently and 60 months on Count Fifteen

---

[1]Citations to the Original Record are designated "R." followed by the document number. Citations to Defendant's Brief are designated by "Br." followed by the page number.

to run consecutively to the term of imprisonment on Counts Thirteen and Fourteen for a total term of imprisonment of 123 months.  R. 402, 338.

Defendant appealed this Court's ruling on the motion to suppress.  The court of appeals affirmed this Court's denial of defendant's motion to suppress.  *United States v. Bustamante et al*, 493 F.3d 879 (7th Cir. 2007).

## ARGUMENT

### A.    Legal Analysis

As a general matter, a Section 2255 petition affords a criminal defendant a very narrow basis for relief.  That provision limits relief to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).  Defendant's motion raises an ineffective assistance of trial and appellate counsel claim on a number of different grounds.[2]  With the possible exception of one appellate argument, none of defendant's arguments has any merit

*Ineffective Assistance of District Court Counsel*

A defendant bears a heavy burden in establishing an ineffective assistance of counsel claim. *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir. 1994); *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993).  In order to establish the claim a defendant must show:  (1) that his attorney's

---

[2] A defendant is generally procedurally barred from collateral review on an issue where it has not been raised on direct appeal. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (a petition brought under § 2255  is not a substitute for direct appeal). A defendant waiting until the collateral stage to raise the issue of ineffective assistance of counsel must have a valid reason for the postponement. *Guinan v. United States,* 6 F.3d 468, 471 (7th Cir. 1993). With respect to the arguments of ineffective assistance of counsel, there is no forfeiture if the defendant was represented by the same attorney at trial and on appeal.  Here, defendant was represented by the same counsel both in the district court on appeal.  (Defendant also had a different earlier district court counsel.)

representation fell below an objective standard of reasonableness (performance prong); and (2) that there exists a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different (prejudice prong). *United States v. Moya-Gomez*, 860 F.2d 706, 763 (7th Cir. 1988)(*citing, Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000)).

*First,* "[w]ith regard to the performance prong, the defendant must identify the specified acts or omissions of counsel that form the basis for his claim of ineffective assistance." *Moya-Gomez*, 860 F.2d at 763-64. "The court must then determine, in light of all the circumstances, if the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To establish ineffective assistance, petitioner must identify specific acts or omissions which demonstrate that his attorney's performance fell below an objective standard of reasonableness, or outside the wide range of legal assistance regarded as professionally competent. *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000); *United States v. Penass*, 997 F.2d 1227, 1229 (7th Cir.).

As both the Supreme Court and the Seventh Circuit have repeatedly cautioned, it is not the court's role to "grade counsel's performance" or to "take up the role of Monday morning quarterback." *Strickland*, 466 U.S. at 697; *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[T]he Constitution calls for a professionally competent defense, not for the best possible defense." *Holman v. Gilmore*, 126 F.3d 876, 883 (7th Cir.1997). Defense counsel "need not pursue every conceivable avenue; they are entitled to be selective." *United States v. Davenport*, 986 F.2d 1047,

4

1049 (7th Cir. 1993). Every indulgence is given "to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight." *United States v. Taglia*, 922 F.2d 413, 417-418 (7th Cir.). Thus, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

With regard to strategic decisions by counsel, in reviewing ineffective assistance of counsel claims this Court "may only consider those acts or omissions of an attorney that are not classifiable as an attorney's tactics." *United States v. Dyer*, 784 F.2d 812, 817 (7th Cir. 1986); *United States v. Otero*, 848 F.2d 835, 838 (7th Cir. 1988)(strategic decisions are not to be considered). A challenged action should be considered sound strategy whenever a competent attorney might have taken the action in the particular case. *United States v. Norwood*, 798 F.2d 1094, 1100 (7th Cir. 1986).

*Second*, the defendant must show that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reviewing court must determine if there must be  a "reasonable probability" of a different result meaning, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Id.* at 697. *See also United States v. Booker*, 981 F.2d  289, 294 (7th Cir. 1992). Absent any showing of what errors were committed or what prejudice has been suffered as a result of those errors, the defendant's claim based on ineffective assistance of counsel must fail. *United States v. Hatterman*, 853 F.2d 555, 559 n.9 (7th Cir. 1988) (failure to explain prejudice of error results in nonreview.)

5

*Ineffective Assistance of Appellate Counsel*

Performance of appellate counsel is assessed according to the same standards applied to trial counsel. *Strickland*, 466 U.S. at 687. Against the strong presumption of effectiveness, defendant must show both that his lawyer's performance was unreasonably deficient and that this inadequacy prejudiced him in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *Strickland*, 466 U.S. at 687, 694; *Blacharski v. United States,* 215 F.3d 792, 794 (7th Cir.2000). "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record." *Hollenbeck v. United States*, 986 F.2d 1272, 1275 (7th Cir.1993). The Seventh Circuit deems performance insufficient when counsel omits a "significant and obvious issue" without a legitimate strategic reason for doing so. *Mason*, 97 F.3d at 893, *quoting Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986), and *Hollenback,* 987 F.2d at 1275. Prejudice is found "when that omitted issue 'may have resulted in a reversal of the conviction, or an order for a new trial.'" *Mason,* 97 F.3d at 893, *quoting Gray,* 800 F.2d at 646.

**B.     Factual Analysis**

Each of defendant's claims, with the possible exception of one appellate claim, fails on the merits for the reasons stated below.

### 1.     *Ineffective Assistance of Counsel Prior to Guilty Plea*

Defendant contends that he entered into what was an unknowing and involuntary guilty plea. He grounds his claim in his contention that it was unknowing and involuntary because defense counsel "believed that he would prevail on direct appeal of denial of defendant's motion to suppress [items seized based on consent given without a waiver of *Miranda* rights] in the District Court" and

6

because defense counsel allegedly failed to review the discovery material and "look for the evidence that could help movant in his case." Br. 13-15. He further contends that defense counsel should have filed a motion to suppress the items seized based on involuntariness, should have filed a motion to suppress statements, and instead filed a suppression motion that lacked merit. Br. 15-24.

These arguments fail for any of several reasons. To begin with, defendant's sworn statements at the plea colloquy show that he was satisfied with counsel's representation and entered into a knowing and voluntary guilty plea.

> "Under Rule 11 of the Federal Rules of Criminal Procedure, a court must determine whether a defendant's plea is voluntary and intelligent by examining the plea in light of the totality of the circumstances. *See United States v. Cross,* 57 F.3d 588, 591 (7th Cir.1995). Under Rule 11, the court can take into account the defendant's level of intelligence, whether he or she is represented by counsel, the complexity of the charge, the defendant's own statements, and the evidence recited by the government to which the defendant admits. *See United States v. Barragan-Rangel,* 198 F.Supp.2d 973, 976 (N.D.Ill.2002) (citing *United States v. Musa,* 946 F.2d 1297, 1304 (7th Cir.1991)). "The only rational manner in which a judge may determine whether a plea is knowing and voluntarily made, is to observe the defendant's demeanor and responses to the court's questions and to rely on the defendant's sworn answers. The court can best expose 'the defendant's state of mind on the record through personal interrogation.' " *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987) (quoting *United States v. Fountain,* 777 F.2d 351, 356 (7th Cir.1985)). "The issue is ... whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.' " *Eddmonds v. Peters,* 93 F.3d 1307, 1314 (7th Cir.1996) (quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960))."

*Jennings v. United States*, 461 F. Supp.2d 818, 824 (S.D. Ill. 2006).

This Court conducted a thorough inquiry of defendant's understanding and willingness concerning the plea and its consequences. During the plea colloquy, this Court established defendant's competency. R. 439 at 8-12. This Court asked defendant, "Are you satisfied with the advice and efforts of your attorney on your behalf?" to which defendant responded "Yes, your Honor." *Id.* at 12. This Court further established that defense counsel had explained the charges to

defendant and that defendant understood the charges. *Id.* at 14-17. This Court also made clear the rights that defendant was waiving, including his right to any other motions other than the motion to suppress the seized evidence that had been denied. *Id.* at 19-25. This Court asked defendant whether there have "been any other understandings or promises made to you by anyone . . . regarding your guilty plea?" to which the defendant responded that there had not. *Id.* 32-33. This Court reviewed all of the maximum possible penalties on each of the counts to which defendant pled guilty. *Id.* at 33-36. The defendant again confirmed to this Court that no one had forced him in any way to plead guilty, had threatened him in any way to plead guilty, or had made him any promises to cause him to plead guilty other than those made of record. *Id.* 36-37. The defendant stated that his decision to plead guilty was entirely voluntary. *Id.* at 37. The defendant then agreed with the government's recitation of the facts, namely that the government recovered approximately 500 grams of cocaine and a firearm in a trap compartment of the vehicle, which was partially owned by defendant and stated that he was guilty of the offenses charged in each of the three counts. *Id.* at 40-42.

Defendant's sworn statements at his plea hearing show that he was satisfied with counsel's performance and was knowingly and voluntarily entering into a plea of guilty. Defendant's responses to this Court's questions show that he had full understanding of the consequences. "Courts take the plea process seriously and hold defendants to their representations." *Hugi v. United States,* 164 F.3d 378, 381 (7th Cir.1999). "A guilty plea is not a road-show tryout before the 'real' contest occurs in the § 2255 proceedings." *Id.* at 382. "[V]oluntary responses made by a defendant under oath before an examining judge [are] binding," *Ellison,* 835 F.2d at 693. "Because of the great weight we place on these in-court statements, we credit them over [a criminal defendant's] later

claims." *United States v. Martinez,* 169 F.3d 1049, 1054 (7th Cir.1999).  *See Jennings*, 461 F.

Supp.2d at 826.

Moreover, defendant's vague allegations claiming that defense counsel "did not conduct a

review of the case file and look for evidence that could help movant in his case" (Br. 14) do not

suffice to establish ineffective assistance.  "A movant under 28 U.S.C. § 2255 alleging ineffective

assistance of counsel due to counsel's failure properly to investigate witnesses and  evidence "has

the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing

as to what the investigation would have produced.' " *Hardamon v. United States,* 319 F.3d 943, 951

(7th Cir.2003) (quoting *United States v. Gramley,* 915 F.2d 1128, 1133 (7th Cir.1990)). *See also

United States v. Hubbard,* 929 F.2d 307, 310-11 (7th Cir.1991) (a criminal defendant alleging

ineffective assistance of counsel by reason of counsel's failure to investigate evidence must make

a "comprehensive showing" as to what evidence such an investigation would have yielded)."

*Jennings*, 461 F.Supp2d at 827-28.

Defendant has made no such showing.  Defendant claims that defense counsel's alleged

failure to review discovery materials led to his alleged  failure to file a motion to suppress the seized

items based on involuntariness and a failure to file a motion to suppress statements.[3]   Defense

counsel's filings on defendant's behalf show to the contrary.

In the first place, the memorandum in support of the motion to suppress and the motion to

---

[3]Defendant further claims that the purported lack of investigation led defense counsel to
fail to contest drug quantity.  Br. 14.  While there was no specific drug quantity alleged in Count
Thirteen of the indictment, the substantive possession count *(see* R. 131), and was not an issue at
the time of the plea, the government at the time of sentencing sought to hold defendant
responsible for at least 2.5 kilograms, to which defense counsel did file an objection (R. 331).
This is discussed in greater detail below.

9

reconsider attach relevant documents, the FBI 302 from the arrest of defendant and the signed consent to search (*see* R. 254, 255) suggesting that defense counsel did in fact review the discovery. (Other motions filed by defense counsel prior to defendant's change of plea, specifically a motion to sever and motion to exclude evidence, also attach other discovery materials, again weighing against defendant's claim that defense counsel failed to review the discovery.)

Moreover, defendant fails to point out what specifically in the discovery would have supported a motion to suppress seized items based on involuntariness and a motion to suppress statements. The FBI 302 pertaining to defendant's arrest does not provide any support for either motion. *See* R. 254, Exhibit 1.[4]

Additionally,  the with respect to defendant's specific complaints about defense counsel's failure  to file a motion to suppress seized items based on involuntariness (Br. 15-17), the motion to suppress shows that in fact defense counsel *did* in fact raise the issue, albeit briefly, as part of the motion, specifically stating, "Defendant also signed the consent because he was fearful and unknowledgeable.  It was not a voluntary and knowing consent." R. 236 ¶ 3.[5]

─────────────────────

[4]Nothing in the FBI 302 suggests that defendant's consent was involuntary (and defendant does not point to any other discovery material that would support his contention). Also, the only "statement" made in response to a question posed by agents as reflected in the FBI 302 was the consent that was given and challenged by defense counsel. *See* R. 254, Exhibit 1.

[5]In any event, a motion to suppress the items seized based on involuntariness of consent would have had no chance of success, even assuming the facts as claimed by defendant in his motion are true.  While the voluntariness determination does not turn upon the presence or absence of any single controlling factor, the Seventh Circuit directs courts to consider the following: (1) the age, education and intelligence of the defendant; (2) whether the defendant was advised of his constitutional rights when he gave consent; (3) the length of detention prior to consent; (4) whether the defendant consented immediately or only after repeated police requests; (5) whether the defendant was physically coerced; and (6) whether the defendant was in custody. *United States v. Strache*, 202 F.3d 980, 985 (7th Cir. 2000).  Even taking defendant's representations in his motion as true (*see* Br. 5-8, 17), the above factors do not weigh in

Regarding defendant's specific complaints about defense counsel's failure to file a motion to suppress statements (Br. 18-21), defendant fails to identify what if any prejudice he has suffered as a result of the alleged failure to suppress statements.  The majority of the statements defendant claims he made pertain to the search of the vehicle and the consent issue, the subject that was the motion to suppress filed by defense counsel.  Even assuming, without agreeing,  that defendant's recitation of events is true and that defendant shared his version of the events with defense counsel, defense counsel's failure to raise every argument in the motion and decisions to raise certain arguments over others are tactical decisions that do not amount to effective assistance of counsel. *Strickland*, 466 U.S. at 689 ("[t]here are countless ways to provide effective assistance in any given case" and "[e]ven the best criminal defense attorneys would not defend a particular client the same way); *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993) (defense counsel "need not pursue every conceivable avenue; they are entitled to be selective");*Holman*, 126 F.3d at 883 ("[T]he Constitution calls for a professionally competent defense, not for the best possible defense").

---

defendant's favor. Signing a consent to search form weighs heavy toward finding that a consent was given voluntarily. *See United States v. Taylor*, 31 F.3d 459, 463 (7th Cir. 1994) (citations omitted).  The Seventh Circuit has repeatedly found individuals to have voluntarily consented to requests by law enforcement, even in the face of circumstances far more threatening than those presented in this case. *See United States v. LaGrone*, 43 F.3d 332, 334-35 (7th Cir. 1994) (a nineteen year-old voluntarily consented to a search of a grocery store where officers – two of whom had been wearing raid masks –  had entered the store with weapons drawn, had held the defendant in custody for fifteen minutes prior to obtaining his consent, and had asked more than once whether the defendant would consent; *United States v. Rojas*, 783 F.2d 105, 107-10 (7th Cir. 1986) (defendant's consent to search his apartment to be voluntary even though the defendant had only been in the United States for two years and spoke limited English, seven officers came to defendant's apartment to arrest him, had displayed their weapons upon arrival, had taken the defendant into custody, had handcuffed him, and had then sequestered him in a small bathroom before requesting his consent); *United States v. Kozinski*, 16 F.3d 795, 810 (7th Cir. 1994) (defendant consented to the search of his residence even though agents entered his residence with an arrest warrant, one of the agents held a gun to defendant's side for the first few minutes of the arrest, and the defendant was handcuffed before he provided his written consent).

With respect to defendant's alleged statements telling agents that he had no guns and drugs in the apartment, defendant does not articulate nor can the government conceive of the possible prejudice of such statements. With respect to the statements made following the playing of the wiretap calls in which defendant stated that it was his voice and that of Juan Corral's on the tape, even assuming without agreeing that what defendant says is true and that the statement was made in response to a interrogation (as opposed to the recitation of events set forth in the FBI 302, which does not reflect that any question was in fact posed to defendant, *see* R. 254, Exhibit 1), defendant fails to demonstrate the prejudice suffered by defense counsel's failure to move to suppress these statements prior to his plea of guilty, especially in light of the fact that the counts to which he pled guilty were based solely on the fact that agents recovered drugs and a gun on the day of his arrest from his vehicle and did not pertain to his phone calls with Corral.

Finally, defendant challenges the decision made by defense counsel's to file the motion to suppress based on improper consent. Br. 23-24. This decision falls squarely in the category of "strategic decisions" that rarely provide a basis for an ineffective assistance claim. *See Jennings,* 461 F. Supp 2d at 828, *citing United States v. Limehouse,* 950 F.2d 501, 504 (7th Cir.1991) ("Trial tactics are not subject to question by a reviewing court in deciding an ineffective assistance claim."); *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir.1990) ("[T]his court is not free to question the objectively reasonable strategic decisions of counsel.); *United States v. McVicar,* 918 F.Supp. 1226, 1233-34 (N.D.Ill.1996) (ruling that trial strategy is not a viable subject for review by the court); *United States v. Balzano,* 916 F.2d 1273, 1294 (7th Cir.1990) ( "[W]hen an attorney in the course of a trial makes '[s]trategic choices ... after thorough investigation [they] are virtually unchallengeable.' "); *Gray v. United States,* 2004 WL 2921858, at *5 (N.D.Ill. Dec.13, 2004)

(refusing to grant a motion under 28 U.S.C. § 2255 on the grounds that the movant's counsel was ineffective by reason of failing to request a competency hearing and remarking that courts decline to "engage in second guessing, or 'Monday morning quarterbacking,' regarding counsel's strategic decisions"). Moreover, as discussed above, defendant has failed to establish anything meritorious that defense counsel *failed* to do. He has also failed to establish that his plea was unknowing or involuntary. Instead, he simply complains about his counsel's belief in the potential success of a motion that *was* in fact filed. "In light of all the circumstances" the "identified acts or omissions" set forth by defendant are not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

In addition to failing to meet the first prong of the *Strickland* test, defendant likewise fails to satisfy the second prong of the *Strickland* test. Where, as here, movant pleaded guilty as a result of alleged ineffective assistance of counsel, movant must show that there is a reasonable probability that, but for counsel's deficient performance, the movant would not have entered a guilty plea and instead would have gone to trial. *See Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002) (to meet prejudice prong of the *Strickland* test in the context of a guilty plea, the defendant must show that but for counsel's error, he would not have pled guilty). Moreover, a claim of ineffective assistance of counsel must be supported by objective evidence, not merely by a movant's own self-serving testimony. *See Bethel v. United States,* 458 F.3d 711, 718 (7th Cir. 2006) (the "mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice"). Here, defendant has offered no credible evidence demonstrating that had defense counsel made different choices, defendant would have instead proceeded to trial.

## 2. *Ineffective Assistance of Counsel at Sentencing*

Defendant contends he was deprived effective assistance of counsel at sentencing because defense counsel: (1) failed at sentencing to object to the drug quantity  including relevant conduct, (2) failed to request a reduction for acceptance of responsibility on Count Fourteen, and (3) failed to move for a downward departure based on his deportable alien status.  When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence.  *See Glover v. United States,* 531 U.S. 198 (2001); *Strickland,* 466 U.S. at 689.

Defendant's first contention, that counsel was ineffective for failing to object to drug quantity including relevant applied for sentencing fails.  Br. 25-27.  The PSR held defendant responsible for approximately 2.5 kilograms of cocaine based upon the cocaine found in his vehicle and cocaine involved in drug dealing transactions with co-defendant Juan Corral, but declined to hold defendant responsible for an additional 194 kilograms of cocaine.  PSR at 4. Contrary to defendant's assertion, counsel *did* file objections to the drug quantity – namely the PSR having held defendant responsible for two kilograms of cocaine for transactions in which he had engaged with co-defendant Juan Corral.  R. 331. The PSR took the position that defendant was not entitled to acceptance of responsibility.  PSR at 7.  At sentencing defendant, under oath, admitted that "Corral gave me a kilogram and then I paid him back with another one."  R. 402 at 3.  Following those admissions, the government agreed with defense counsel that defendant was entitled to a three level reduction for acceptance of responsibility.  *Id.* at 4.

Defendant appears to claim that the additional two kilograms were improperly included as relevant conduct.  The only argument he offers in support of his claim  is the span of time between his two kilogram drug transactions in January or February 2002 and the time of his arrest and the

discovery of the approximately half kilogram of cocaine in his vehicle in October 2002. This argument fails. Uncharged transactions are properly deemed relevant conduct where they are "part of the same course of conduct or common scheme or plan" as the offense of conviction. *United States v. Wilson*, 502 F.3d 718, 722 (7th Cir. 2007) (quoting Guideline § 1B1.3(a)(2)). Although the Seventh Circuit has recognized that in "certain circumstances, gaps of time between an offense and the charged offense may suggest that behavior is not part of the same course of conduct," even a large time gap alone is not dispositive. *United States v. White*, 519 F.3d 342, 348 (7th Cir. 2008) (drug sales "removed by years" from offense of conviction not too remote and insufficient alone to challenge other drug sales as to be deemed relevant conduct). Defendant offers nothing beyond a ten month time gap to support his argument that the his prior drug deals with Corral do not constitute relevant conduct. The temporal relationship between defendant's earlier Aurora kilogram quantity drug activity with Juan Corral to defendant's possession of approximately a half kilogram of cocaine in his vehicle on the day of his arrest in Aurora ten months later alone does not preclude a finding of relevant conduct.[6]

Defendant's second contention, that counsel was ineffective at sentencing for failing to

---

[6]Defendant points to a lab report (Br. 25, Exhibit F) showing that the actual net weight of the cocaine recovered from defendant's vehicle was 471.8 grams as opposed to 500 grams as further evidence of his contention that counsel was ineffective at sentencing. This argument has no merit because the exact amount of the cocaine found in defendant's vehicle – and the difference between 471 and 500 grams – was irrelevant for sentencing purposes. As made clear by the PSR (PSR at 4) and the sentencing transcript (R. 402 at 3), defendant was held responsible for and admitted to having engaged in drug transactions with Juan Corral involving an additional two kilograms of cocaine, placing defendant as responsible for between 2 and 3.5 kilograms of cocaine for a corresponding level 28. *See* Guideline 2D1.1(c)(6). Thus, the amount of cocaine found in defendant's vehicle had it even only been a small fraction of the amount actually found, would not have changed defendant's drug quantity base offense level for purposes of calculating his guideline range.

request a reduction for acceptance of responsibility on Count Fourteen, the felon in possession

count, likewise fails. Br. 30-31. As the PSR shows, Counts Thirteen and Fourteen were grouped for

a combined adjusted offense level of 28. PSR at 7. Defendant received a three level reduction for

acceptance of responsibility off of the combined adjusted offense level for the two counts for a

resulting offense level of 25. *Id.; see also* R. 402 at 4-5, 8. Defendant's contention that he did not

receive acceptance of responsibility for Count Fourteen is simply wrong.

Defendant's third contention, that counsel was ineffective at sentencing for failing to move

for a downward departure based on his status as a deportable alien, also has no merit. Br. 31-32.

In order to prevail on his ineffective assistance claim on this basis, defendant "must show a

reasonable probability that had counsel moved for a downward departure, this court would have

granted it." *Salcido-Cruz v. United States*, 2005 WL 1270047 (N.D. Ill. May 25, 2005) (counsel not

ineffective for failing to file motion for downward departure based upon status as deportable alien).

Defendant claims that a downward departure would have been appropriate because his deportable

alien status precludes his access to certain programs, including residency in certain minimum

security or halfway house programs and reduction in his sentence for completion of programs such

as drug and alcohol programs, for which deportable aliens are not routinely considered.

This argument fails in light of well established law in this Circuit. In *United States v. Gallo-*

*Vasquez*, 284 F.3d 780 (7th Cir. 2002), the Seventh Circuit "expressly held that the ineligibility of

a deportable alien to participate in certain Bureau of Prison's programs is not alone sufficient to

warrant a downward departure. *Id.*, *citing Gallo-Vasquez*, 284 F.3d at 784 n. 3 ("under such a

regime, every illegal alien would qualify for a downward departure" and only a showing of

"exceptional circumstances" warrant leniency). Defendant shows no "exceptional circumstances,"

16

which would have warranted leniency. Accordingly, such a motion for a downward departure at sentencing would have been denied. *See United States v. Vaiseta,* 2003 WL 22462554, at *1-2 (N.D.Ill. Oct. 30, 2003) (counsel was not ineffective in failing to request a downward departure on the grounds that a section 2255 movant was a deportable alien where, had counsel made such a motion, the court would have denied it).[7]

### 3.    *Ineffective Assistance of Counsel on Appeal*

Defendant claims he was deprived effective assistance of counsel on appeal because defense counsel: (1) failed to petition for a writ of certiorari; and (2) failed on appeal to file an amended appeal brief to raise issues under *Booker.*

Defendant's first ground on which he bases his claim for ineffective assistance of appellate counsel, his claim that he was denied effective assistance because defense counsel did not petition

---

[7]Defendant also briefly mentions the fact that he had a cornea transplant prior to incarceration as presumably another basis upon which he believes a downward departure motion should have been filed and alleges that he does not have the same medical attention as when he was not incarcerated. Br. 32. This contention likewise fails. Other than mere vague assertions, defendant offers no evidence as to why his eye condition would have entitled him to a downward departure. By contrast, according to the PSR, defendant while incarcerated at the MCC prior to his BOP designation was "under the regular care of a physician." PSR 11. Defendant in his own report of the condition to probation stated that "he receives prescription eye drops for treatment of this eye condition." *Id.* Accordingly, there is no basis to believe that had defendant's eye condition been raised at sentencing that this Court would have downward departed on that basis. *See United States v. Sherman*, 53 F.3d 782, 788 (7th Cir. 1995)(medical condition alone does not warrant a downward departure on this basis – such condition must be *extraordinary* in that the district court must make a factual finding that the Bureau of Prisons is not able to care for the defendant's medical problems); *United States v. Krilich*, 257 F.3d 689, 693 (7th Cir. 2001) (reversing district court's downward departure noting among other things that "the Bureau of Prisons can provide [defendant] with the [appropriate] medical regimen"); *United States v. Woody*, 55 F.3d 1257, 1275-76 (7th Cir. 1995) (affirming district court's denial of downward departure motion for extraordinary physical impairment stating that HIV positive defendant presented no "sound factual foundation" which would support a downward departure and citing with approval an analysis centering on the ability of the BOP to provide appropriate care and treatment).

for a writ of certiorari (Br. 29-30), fails under well established law for the simple reason that he lacks a Sixth Amendment right to effective counsel in an appeal to the Supreme Court. "The Constitutional right to effective assistance of counsel is a manifestation of the Sixth Amendment right to counsel: where the latter is not present, neither is the former." *Tyra v. United States*, 2008 WL 656259 at * 2 (7th Cir. March 12, 2008), *citing Coleman v. Thompson*, 501 US 722, 752 (1991) ("Where there is no constitutional right to counsel there can be no deprivation of effective assistance."); *Pennsylvania v. Finley*, 481 US 551, 555 (1987)("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus we have rejected suggestions that we establish a right to counsel on discretionary appeals."); *Miller v. Keeney*, 882 F.2d 1428 (9th Cir. 1989) (because petitioner had no "constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose"). Defendant did not have a right to counsel beyond his first direct appeal and therefore had no right to counsel for filing a petition of certiorari.

Defendant's second ground on which he bases his claim for ineffective assistance of appellate appears to satisfy at least the first prong of the *Strickland* test. Defendant contends that he asked counsel to amend the previously filed and still pending appeal brief to raise claims under the Supreme Court's decisions in *Booker* and *Blakely* and request a limited remand. Br. 28. He attaches correspondence supporting his contention that he had asked defense counsel to file an amended brief under *Blakely* and that counsel had represented that he was doing so. (The correspondence pre-dates the *Booker* decision.) Defense counsel did not file an amended brief and did not raise the issues in his reply brief. Given that defendant was sentenced prior to the *Booker* decision and his appeal remained pending at the time of the decision, it appears defendant would

18

have been entitled to a limited remand under *Paladino* had the matter been raised on appeal. Accordingly, defendant seems to have satisfied the performance prong of the *Strickland* test.

However, defendant may not be able to satisfy the prejudice prong of the *Strickland* test. In *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), the Seventh Circuit adopted a procedure for reviewing sentences in light of *United States v. Booker,* 125 S.Ct. 738 (2005). Under *Paladino*, in appropriate cases the Court of Appeals will order a limited remand to the district court to determine whether it would (if required to re-sentence) reimpose its original sentence. *Paladino*, 401 F.3d at 484. If so, the court of appeals will affirm the original sentence against a plain-error challenge provided that the original sentence is reasonable, the standard of review prescribed by *Booker*, 125 S.Ct. at 765. If on a limited remand this Court would have responded to the Court of Appeals that it would have (if required to re-sentence) reimposed the original sentence, then the government does not believe that defendant has met the prejudice prong of the test. If this Court would have responded differently, then defendant appears to satisfy the prejudice prong of the test and be entitled to have the sentence vacated for proceedings consistent with *Paladino*.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court find defendant's claims under 28 U.S.C. §2255 lack sufficient merit to warrant the extraordinary relief requested, as set forth above. No hearing is required to resolve the issues presented because all facts related to the issues are contained in the record and overwhelmingly demonstrate that defendant is not entitled to any relief. *See Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000)(district court judge may dismiss a Section 2255 petition without a hearing if the facts of the petition and

annexed exhibits show a defendant is not entitled to relief).

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney


By:      s/ Christina Egan
Christina Egan
Assistant U.S. Attorneys
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-4095

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER**
**28 USC §2255 TO VACATE CONVICTION AND SENTENCE**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on July 16, 2008, to the following non-ECF filers:

Miguel Bustamante
#14995-424
Big Springs
3711 Wright Avenue
Big Springs, TX 79720

By:    s/ Christina Egan
CHRISTINA EGAN
Assistant U.S. Attorneys
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 353-4095

21