IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL BUSTAMANTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08 C 3508 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons set forth below, petitioner Miguel Bustamante's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 [1] is denied.

BACKGROUND

On November 20, 2002, a criminal indictment was returned against Miguel Bustamante, charging Bustamante with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), 846 ("Count One"); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count Thirteen"); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count Fourteen"); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Fifteen"). *United States v. Corral*, 02 CR 719 (N.D. Ill.). On April 29, 2003, Bustamante filed a motion to suppress the drugs and firearm seized from his vehicle, which evidence formed the basis for Counts Thirteen, Fourteen, and Fifteen. This court denied the motion to suppress and the subsequent motion to reconsider its ruling. On May 15, 2003, Bustamante entered a conditional blind guilty plea to Counts Thirteen, Fourteen, and Fifteen (and the government dismissed Count One), reserving the right to appeal the court's denial of the motion to suppress. On September 8, 2003, the court sentenced Bustamante to a term of 123 months of imprisonment, with four years of supervised release, a $1000 fine, and a $300 special assessment. On appeal, Bustamante argued that the court should have granted the motion to suppress the evidence because FBI agents obtained his consent to search the vehicle after

1

he invoked his right to counsel. The Seventh Circuit rejected Bustamante's argument and affirmed the court's denial of the motion to suppress. *United States v. Bustamante*, 493 F.3d 879, 893 (7th Cir. 2007). On June 18, 2008, Bustamante timely filed a section 2255 motion, within one year from the expiration of the time period for petitioning the Supreme Court of the United States for *certiorari*.

LEGAL STANDARD

Under section 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (2006). If the court finds that the sentence was imposed in violation of the Constitution or laws of the United States, the court shall vacate and set aside the judgment, and either discharge the petitioner, resentence the petitioner, grant a new trial, or correct the sentence. 28 U.S.C. § 2255(b).

In this case, Bustamante argues that he was deprived of his constitutional right to effective assistance of counsel. Although this argument was not raised on direct appeal, "an ineffective assistance of counsel claim may be raised for the first time in a § 2255 proceeding." *Torzala v. United States*, 545 F.3d 517, 524 (7th Cir. 2008) (citing *Massaro v. United States*, 538 U.S. 500, 509 (2003)).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the results of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 695 (1984). "*Strickland*'s 'reasonable probability' language does not require a petitioner to meet a preponderance of the evidence threshold, but it does require a petitioner to show 'a probability sufficient to undermine confidence in the outcome.'" *Porter v. Gramley*, 122 F.3d 351, 353 (7th Cir. 1997) (quoting *Strickland*, 466 U.S. at 694)). If a defendant is unable to satisfy either prong of the *Strickland* test, then the court does not need to address the matter further. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

In analyzing the issues presented by Bustamante, it must be borne in mind that the Seventh Circuit has long held that the "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective

assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996); *see also Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002).

<u>ANALYSIS</u>

In support of his ineffective assistance of counsel claim, Bustamante presents nine issues regarding his trial and two issues regarding his appeal. The court will address the trial and appellate issues separately in the analysis that follows.

1. <u>Trial Issues</u>

A. <u>Failure to Review Discovery</u>

Bustamante first alleges that his trial counsel was constitutionally ineffective for failing to review discovery. Specifically, Bustamante claims that counsel did not review Bustamante's case file and government documents related to the indictment, and that counsel did not investigate in order to find evidence in Bustamante's favor. When a party alleges ineffective assistance of counsel through a failure to investigate, the party has the burden of making a "'comprehensive showing as to what the investigation would have produced.'" *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)). Similarly, Bustamante must identify specific evidence overlooked by counsel in failing to review Bustamante's case file. Unsupported assertions that counsel did not review discovery or investigate are insufficient, and Bustamante does not make a "comprehensive showing" of what his counsel's further review and investigation would have produced. Consequently, this argument cannot support an ineffective assistance of counsel claim.

B. <u>Faulty Advice Led to Guilty Plea</u>

Bustamante also asserts that his counsel was constitutionally ineffective when his counsel gave Bustamante faulty advice that led to a guilty plea. Specifically, Bustamante claims that counsel informed Bustamante, via a letter dated November 25, 2003, that "[w]e have a reasonable chance of winning" the appeal of the motion to suppress. (Pet'r's Mem. at 14, Ex. A.) Bustamante entered his conditional guilty plea on May 15, 2003.

To mount a successful claim that counsel was ineffective when Bustamante entered his guilty plea, Bustamante must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there

is a reasonable probability that but for counsel's errors, Bustamante would not have pled guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006). To overcome the strong presumption that his counsel's performance was effective, *Chichakly v. United States*, 926 F.2d 624, 628 (7th Cir. 1991), Bustamante must establish specific acts or omissions of his counsel which constitute ineffective assistance. *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003). "A guilty plea is not a road-show tryout before the 'real' contest occurs in the § 2255 proceedings." *Hugi v. United States*, 164 F.3d 378, 382 (7th Cir. 1999).

First, a letter from six months *after* his guilty plea could not have induced Bustamante to plead guilty. Second, even if the court assumes that Bustamante's counsel gave him this advice at the time Bustamante was considering his guilty plea, Bustamante has not shown that, absent his counsel's advice, Bustamante would not have pled guilty. Bustamante states in his affidavit in support of his section 2255 motion that "[b]eing that [counsel] said we had a good chance of winning on appeal he decided to plead guilty. (Pet'r's Aff. at 3.) Bustamante does not explicitly state in his affidavit that he would not have pled guilty, and that he would have insisted on going to trial, absent counsel's advice. Furthermore, the Seventh Circuit has stated that "a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel*, 458 F.3d at 718. Bustamante does not offer the court any evidence beyond his "mere allegation" in his affidavit that he would have not pled guilty and he would have insisted on going to trial, absent counsel's advice.

Quite the opposite, Bustamante's sworn statements during the plea colloquy demonstrate his satisfaction with counsel's performance and that the decision to plead guilty was not based on any specific promise with respect to the outcome of the appeal. Specifically, Bustamante stated under oath that the only benefit he expected in exchange for his plea was the right to appeal the court's ruling on the motion to suppress. (Plea Hr'g Tr. at 32-33.) The court determined, and Bustamante has not challenged, that Bustamante was competent during the plea proceedings. (*Id.* at 8-12.) Bustamante stated under oath that he was satisfied with the advice and efforts of his attorney, that he was not forced to plead guilty, and that his guilty plea was entirely voluntary. (*Id.* at 12, 36, 37.) "Because of the great weight we place on these in-court statements, we credit them over [a criminal defendant's] later claims." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) (denying ineffective assistance of

4

counsel claim in which defendant asserted that he would have not pled guilty but for counsel's flawed predictions). Bustamante's ineffective assistance of counsel claim on the grounds of counsel's advice prior to pleading guilty is denied.

C. <u>Failure to Suppress Evidence on Voluntariness Grounds</u>

Bustamante next alleges that his trial counsel was constitutionally ineffective for failing to file a motion to suppress on voluntariness grounds. However, Bustamante's counsel did briefly include a voluntariness argument in his motion to suppress: "Defendant also signed the consent because he was fearful and unknowledgeable. It was not a voluntary and knowing consent." (Dkt. No. 236 ¶ 3.) The fact that Bustamante's counsel did not pursue this argument further does not demonstrate that counsel's performance was constitutionally ineffective. As stated earlier, there is a strong presumption that a defendant's counsel's performance was constitutionally effective. *Chichakly*, 926 F.2d at 628. In representing their clients, "[a]ttorneys need not pursue every conceivable avenue; they are entitled to be selective." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993). It is clear that Bustamante's counsel knew of this potential issue, the court presumes that Bustamante's counsel "selected" to focus on other arguments in presenting the motion to suppress before the court. Bustamante has not overcome the presumption that his counsel's performance was objectively reasonable in this respect, and Bustamante's claim of ineffective assistance of counsel on this basis is denied.

D. <u>Failure to Suppress Statements</u>

Bustamante also alleges that his trial counsel was constitutionally ineffective for failing to file a motion to suppress various statements made on the night of his arrest. Specifically, Bustamante identifies statements related to three different issues: (1) Bustamante's denial that there were guns or drugs in his ex-girlfriend's residence; (2) the identification of Bustamante's and co-defendant Juan Corral's voices on an audio recording; and (3) Bustamante's admission that he owned the vehicle in which the government agents found cocaine and a firearm, the location of the vehicle's keys, and his consent to search the same vehicle.

With respect to the first two statements, Bustamante fails to establish that he suffered prejudice. First, at the time of his arrest, Bustamante told the FBI agents that there were no drugs and/or guns in the residence, and, in fact, the FBI agents did not find drugs and/or guns in their search. Because the statement was not incriminating,

5

there was no reason for counsel to seek its suppression. Second, the identification of voices on the audio recording only related to the conspiracy claim in Count One. Bustamante, in his reply brief, states that he suffered "prejudice" because the audio recording was "used by the magistrate [judge] to find that there was probable cause that [Bustamante] conspired with Juan Corral." (Pet'r's Reply at 9.) However, Bustamante's sentence was not based on Count One, as this count was dismissed pursuant to Bustamante's blind plea to Counts Thirteen, Fourteen, and Fifteen. Bustamante does not explain how his sentence was affected by the audio recordings, and the court finds that Bustamante would have received the same sentence, even if the Bustamante's identification of the voices on the recording had been suppressed.

With respect to the third set of statements, Bustamante argues that the FBI questioned him about, and Bustamante admitted to, ownership of the vehicle in violation of his *Miranda* rights, *United States v. Smith*, 3 F.3d 1088, 1098 (7th Cir. 1994), and thus his counsel's performance was objectively unreasonable because counsel failed to file a motion to suppress this statement. Bustamante states in his affidavit that he "informed [counsel] about the events that took place on the day of [his] arrest." (Pet'r's Aff. at 2.) Moreover, it is clear that counsel was well aware of the analysis set forth in *Smith*, as evidenced by his memorandum in support of the motion to suppress. (Dkt. No. 255 at 3.) In *Smith*, the Seventh Circuit held that consent to search is not a self-incriminating statement, but "[w]here the question goes beyond a request for consent and inquires as to ownership of that which is searched, the inquiry crosses the threshold into testimonial incrimination and is therefore barred unless the safeguards of *Miranda* have been put in place." *Smith*, 3 F.3d at 1098 (citing *United States v. Monzon*, 869 F.2d 338, 342 (7th Cir. 1989)). Bustamante's counsel attempted to distinguish the facts in *Smith* regarding Bustamante's consent to search, arguing that Bustamante invoked his right to counsel, unlike the defendant in *Smith*. (Dkt. No. 255 at 3.) Because Bustamante's counsel was aware of the law and facts relevant to Bustamante's case, the court presumes that counsel made a strategic choice not to address Bustamante's statements of ownership in the motion to suppress. *Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."). Additionally, Bustamante's argument that his counsel was constitutionally ineffective for failing to seek to suppress Bustamante's consent to search is without merit because counsel did argue

6

that the consent to search should be suppressed, and this court rejected that argument. Bustamante's claim that counsel was constitutionally ineffective for failure to file a motion to suppress these statements is therefore denied.

E.  <u>Counsel Filed a Meritless Motion to Suppress</u>

Bustamante further alleges that his trial counsel was constitutionally ineffective for filing a meritless motion to suppress based on improper consent.  Bustamante does not further elaborate on what his counsel should have done, or why Bustamante was prejudiced by the meritless filing of the motion.  Bustamante's argument, underdeveloped as it is, cannot support a finding of ineffective assistance of counsel.

F.  <u>Failure to Object to Drug Quantity and Relevant Conduct at Sentencing</u>

Bustamante next alleges that his trial counsel was constitutionally ineffective for failing to object to the drug quantity and relevant conduct at sentencing.  Specifically, Bustamante argues that his counsel should have objected to a drug quantity amount that included two kilograms of cocaine from certain transactions with co-defendant Juan Corral.  The two kilograms were not part of the indictment against Bustamante in Counts Thirteen, Fourteen, and Fifteen, but were considered relevant conduct at sentencing.  Bustamante's counsel originally did object to the court's consideration of the two kilograms of cocaine for sentencing purposes.  (Dkt. No. 331 at 1-2.)  However, Bustamante appears to have adopted a new course of action by the time of his sentencing.  At sentencing, Bustamante admitted under oath that "Corral gave [Bustamante] a kilogram and then [Bustamante] paid [Corral] back with another one."  (Sentencing Hr'g Tr. at 3.)  It was only after Bustamante admitted to the additional two kilograms of cocaine that the government agreed Bustamante should receive a reduction in his sentence for acceptance of responsibility.  (*Id.* at 4.)  Bustamante does not explain, and the court cannot determine, how his counsel's performance was objectively unreasonable (and not a matter of strategy) in light of the government's acquiescence to a reduction for acceptance of responsibility after Bustamante ceased to object to the drug quantity amount.  Bustamante's claim of ineffective assistance of counsel based on the failure to object to the drug quantity amount is denied.

G.  <u>Failure to Request a Reduction in Sentence for Acceptance of Responsibility on Count Fourteen</u>

Bustamante also alleges that his trial counsel was constitutionally ineffective for failing to request a reduction of the sentence for Count Fourteen based upon Bustamante's acceptance of responsibility.  Bustamante's argument fails to recognize that Counts Thirteen and Fourteen were grouped together at sentencing for a combined adjusted offense level of 28.  (Sentencing Hr'g Tr. at 4-5.)  Bustamante then received a three level reduction for

8

acceptance of responsibility off the combined offense level, resulting in a total offense level of 25. (*Id.*) Because Bustamante already received a reduction for acceptance of responsibility in relation to Count Fourteen, his claim of ineffective assistance of counsel on this issue is without merit. Bustamante does not explain how further argument by his counsel on this point at the sentencing hearing could have resulted in a different sentence, and the court finds no prejudice in counsel's alleged failure to pursue this issue further.

H. <u>Failure to Request a Downward Departure for Alien Status</u>

Bustamante further alleges that his trial counsel was constitutionally ineffective for failing to request a "downward departure"[1] during sentencing based upon Bustamante's alien status. In support of this argument, Bustamante claims that he is not a United States citizen and, as a non-citizen, he is entitled to a downward departure because he is ineligible for programs that could reduce his total prison sentence. First, Bustamante does not direct the court to any evidence in his affidavit or other exhibits that supports his assertion that he is a non-citizen, and that non-citizens are ineligible for programs that could reduce their prison sentences. Therefore, his claim of ineffective assistance of counsel with respect to alien status fails at the outset. *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) ("[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.") (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)).

Even if the court accepts as true that Bustamante is a deportable alien and that his alien status makes him ineligible for programs that could reduce his total prison sentence, Bustamante's status as a deportable alien is "relevant only insofar as it may lead to conditions of

---

[1] The court notes that the decision in *United States v. Booker*, 543 U.S. 220 (2005), made the departure terminology obsolete. *See United States v. Laufle*, 433 F.3d 981, 986-87 (7th Cir. 2006); *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005). Notwithstanding this change, Bustamante and the government both use the downward departure terminology in their briefs and the court, therefore, does the same.

9

confinement, or other incidents of punishment, that are substantially more onerous than the framers of the [G]uidelines contemplated in fixing the punishment range for the defendant's offense." *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2001). In *Guzman*, the Seventh Circuit held that a district court may, "in exceptional circumstances," take into account a defendant's alienage when assessing whether his alien status makes his condition of confinement "harsher by disentitling a defendant to serve any part of his sentence in a halfway house, minimum security prison, or intensive confinement center, so that the same nominal prison sentence would be, quite apart from the sequel of deportation, a more severe punishment than if the defendant were a citizen." *Id.* However, in light of intervening case law, the Seventh Circuit later clarified that "downward departures based *solely* on an alien's loss of 'end-of-sentence modifications,' such as halfway house placement, 'cannot be viewed as a term of imprisonment "substantially more onerous" than the [G]uidelines contemplated in fixing a punishment for a crime.'" *United States v. Macedo*, 406 F.3d 778, 794 (7th Cir. 2005) (quoting *United States v. Meza-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003)) (emphasis added).

Bustamante's argument is "based solely on an alien's loss of 'end-of-sentence modifications,'" such as the inability to complete drug and alcohol programs or to live in a halfway house. Bustamante does not direct the court to any "exceptional circumstances" that would make Bustamante's punishment "substantially more onerous" than the Sentencing Guidelines contemplated, nor is there any evidence that counsel was aware of such circumstances. Bustamante's counsel cannot be faulted for failing to raise a losing argument and, on the record before the court, there is no reason to believe that Bustamante's alien status would have affected his Guidelines calculation had this issue been brought to the court's

10

attention. Bustamante's ineffective assistance of counsel claim based on this ground is denied.

I. Failure to Request a Downward Departure Based upon Medical Condition

Bustamante also alleges that his trial counsel was constitutionally ineffective for failing to request a downward departure during sentencing based upon Bustamante's medical condition. In support of this argument, Bustamante asserts that he has a medical condition, keracotonus,[2] which required a cornea transplant prior to his incarceration, and he argues that he is entitled to a downward departure because he does not receive the same medical care as if he were not incarcerated. Bustamante admits that he "receive[s] and has recived [sic] medical care for his eye condition" while incarcerated. (Pet'r's Reply at 14.) For example, Bustamante requested from the Bureau of Prisons "a contact lens for each eye so [he] may be able to see." (*Id.* Ex. 5.)

At the time of Bustamante's sentencing, the Sentencing Guidelines stated: "Physical condition or appearance . . . is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward . . . ." U.S. SENTENCING GUIDELINES MANUAL § 5H1.4 (2003). In order to warrant a departure, "the court must ascertain, through competent medical testimony, that the defendant needs constant medical care, or that *the care he does need will not be available to him should he be incarcerated*." *United States v. Sherman*, 53 F.3d 782, 787 (7th Cir. 1995) (emphasis added). Furthermore, the fact "[t]hat the Bureau [of Prisons] has not provided (and does not propose to provide) the quality of care that top private specialists provide is neither here nor there . . . ." *United States v. Krilich*, 257 F.3d 689, 693 (7th Cir. 2001).

---

[2] Keracotonus is a "non-inflammatory eye condition in which the normally round dome-shaped cornea progressively thins causing a cone-like bulge to develop." National Keracotonus Foundation, http://www.nkcf.org (follow "About Keracotonus" hyperlink) (last visited Apr. 2, 2009).

11

Bustamante's argument is that he does not have access to the same medical attention while incarcerated that he could receive outside of incarceration. But Bustamante does not claim that the care he needs for his eye condition is unavailable to him in prison. Bustamante requested that the Bureau of Prisons provide him another contact lens, which is medical attention that the Bureau of Prisons is capable of providing to him, and Bustamante admits that he receives care while incarcerated for his eye condition. On the record before the court, there is no reason to believe that Bustamante's medical condition would have affected his Guidelines calculation had this issue been brought to the court's attention. Because Bustamante has not demonstrated that he suffered prejudice at sentencing with regards to his medical condition, Bustamante's ineffective assistance of counsel claim on this basis is denied.

2. Appellate Issues

Applying the *Strickland* standard to appellate counsel generates the following test:

> [The court] must first analyze the trial court record to determine whether [defendant's] appellate attorney, in fact, ignored "significant and obvious" issues. [The court] must then compare each neglected issue to, in this case, the issue actually raised on appeal.
>
> Only if an ignored issue is "clearly stronger" than the arguments raised on appeal will the attorney's performance be considered constitutionally deficient (thereby satisfying the first prong of the *Strickland* test). To establish prejudice — the other component of the *Strickland* test — [the defendant] must show that there is a reasonable probability that, but for the deficient performance of his attorney, the result of the appeal would have been different.

*Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008) (internal citations omitted).

A. Failure to Petition for a Writ of *Certiorari*

Bustamante first alleges that his appellate counsel was constitutionally ineffective for failing to petition for a writ of *certiorari* to the Supreme Court of the United States. Bustamante

specifically complains that his retained counsel refused to file a petition for *certiorari* without further payment of fees, and that the Seventh Circuit did not respond to Bustamante's *pro se* petition for the appointment of counsel under the Criminal Justice Act. However, the Seventh Circuit has recognized that "there is no constitutional right to *any* assistance of counsel in seeking discretionary, third-tier review, and shortcomings of counsel at that stage therefore cannot violate the [S]ixth [A]mendment." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (citing *Ross v. Moffitt*, 417 U.S. 600 (1974) and *Wainwright v. Torna*, 455 U.S. 586 (1982)) (emphasis in original).

To the extent that Bustamante believes his *statutory* right to effective assistance of counsel under the Criminal Justice Act was violated, this court finds that this is an issue best addressed in the first instance by the Seventh Circuit or the Supreme Court of the United States. *See Wilkins v. United States*, 441 U.S. 468, 469-70 (1979); *United States v. Howell*, 37 F.3d 1207, 1209 (7th Cir. 1994). Bustamante was well aware of his counsel's position during the time that Bustamante's appeal was pending and immediately after its conclusion. *Cf. United States v. Price*, 491 F.3d 613, 615 (7th Cir. 2007). His complaints regarding the Seventh Circuit's failure to appoint counsel pursuant to the Criminal Justice Act should have been raised before the Seventh Circuit at that time. Because Bustamante does not have a constitutional right to counsel in seeking a discretionary review of his appeal, and he cannot claim that appointed counsel violated his or her statutory duties under the Criminal Justice Act, Bustamante's claim of ineffective assistance of appellate counsel for failure to petition for *certiorari* is denied.

B. Failure to Request a Limited Remand Pursuant to *Paladino*

Bustamante finally alleges that his appellate counsel was constitutionally ineffective for failing to request a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), after the Supreme Court determined that the Sentencing Guidelines were advisory in *United States v. Booker*, 545 U.S. 220 (2005). The government does not deny that Bustamante would have been entitled to a limited remand had this issue been raised on appeal. *Booker* was decided while Bustamante's appeal was pending, and Bustamante's appellate counsel appears to have informed Bustamante that he was in fact "preparing an Amended Brief to raise *Blakely* [*Booker*]." (Pet'r's Mem. Ex. I.) Because "limited remand under *Paladino* was available to any appellant who might conceivably benefit from the procedure, and the threshold was very low," *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008), the court finds that Bustamante's counsel unreasonably chose not to pursue this issue on appeal.

However, even if the Seventh Circuit had granted a limited remand pursuant to *Paladino* to determine whether this court would have imposed the same sentence under the post-*Booker* advisory Sentencing Guidelines, this court notes that it would have imposed the same sentence. Thus, Bustamante did not suffer prejudice from counsel's failure to raise the *Booker* issue on appeal, and Bustamante's claim on this ground is denied.

## CONCLUSION

Based upon the foregoing analysis, Bustamante's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 [1] is denied.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 21, 2009